IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RUSSELL BAKER, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO.: 7:06-CV-77 (HL) |
| ASHLEY PAULK; Lt. ROB PICCOTTI, | : | |
| Defendants | : | <u>ORDER</u> |

Plaintiff **RUSSELL BAKER**, a pretrial detainee at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## *I.  REQUEST TO PROCEED IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee.

Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id*.

### III.  STATEMENT OF PLAINTIFF'S CLAIMS

Plaintiff states that for a two week period in December 2005, Sheriff Paulk placed him in the "unsanitary cell block #10" in the Lowndes County Jail.  Plaintiff alleges that the "lock down cells" in block #10 have no running water.

Plaintiff states that when Sheriff Paulk moved him from cell block #10, he placed him in cell block B-2.  Plaintiff alleges that cell block B-2 is unsanitary and inhabited by various insects and spiders.  Plaintiff states that "several of the inmates have been bitten by these insects."  Plaintiff complains that he smells "phosphrus (sic) coming from the drain, as well as under the sink."  Plaintiff alleges that inmates are placed in these conditions so that they will agree to "unjust and unfavorable plea bargins (sic) just to get away from the harsh conditions."  According to plaintiff, "Sheriff Ashley Paulk's actions or his directives have caused the deaths of several inmates this year."

Next, plaintiff complains that defendant Rob Picciotti engages in racial profiling and that defendant Piccotti targeted him for arrest because he is an African American.

### IV.  ANALYSIS OF PLAINTIFF'S CLAIMS

The Court notes that plaintiff is a pretrial detainee at the Lowndes County Jail.  The Eleventh Circuit Court of Appeals has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care, the minimum standard allowed by the due process clause is the same as that allowed by the [E]ighth [A]mendment for convicted persons."  **Hamm v. DeKalb County**, 774 F.2d 1567, 1574 (11th Cir.1985).  Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement and a duty to ensure that prisoners receive adequate food, clothing, shelter, and medical care.  **See Hudson v. McMillian**,

503 U.S. 1 (1992); **Hudson v. Palmer**, 468 U.S. 517 (1984). However, the Supreme Court has made it clear that the Constitution requires neither than prisons be comfortable nor that they provide every amenity that one might find desirable. **Rhodes v. Chapman**, 452 U.S. 337, 349 (1981). To prevail on his due process claim, plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) that prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an excessive risk to inmate health and safety. **Farmer v. Brennan,** 511 U.S. 825, 834 (1994).

None of plaintiff's allegations, alone or in the aggregate, are "sufficiently serious" enough to implicate the Constitution. Moreover, the Court notes that plaintiff has not suffered any type of physical injury from the deprivations he alleges.[1] 42 U.S.C. § 1997e(e) provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See also* **Siglar v. Hightower**, 112 F.3d 191, 193 (5th Cir. 1997). As plaintiff sustained no physical injuries as a result of these various alleged "unsanitary conditions," insects, and spiders, this claim is not actionable under 42 U.S.C. § 1983.

Plaintiff's claim that Rob Piccotti engages in "racial profiling" must also be dismissed. The Equal Protection Clause of the Fourteenth Amendment does "prohibit[] selective enforcement of the law based on considerations such as race." **Whren v. United States**, 517 U.S. 806, 813 (1996). However, a plaintiff must do more than make the conclusory allegation that a defendant has engaged

---

[1] Plaintiff complains that other inmates have been bitten by spiders and that other inmates have died due to "Sheriff Paulk's actions or his directives." However, plaintiff cannot litigate this action on behalf of others or join other plaintiffs in this lawsuit. *See* **Hubbard v. Haley**, 262 F.3d 1194 (11th Cir. 2001)

in racially discriminatory profiling. "Plaintiffs must present evidence that individuals of a different race could have been . . . arrested for the same crime, but were not." *Urbanique Prod. v City of Montgomery*, 428 F. Supp.2d 1193, 1124 (M.D. Ala. 2006); *Swint v. City of Wadley*, 51 F.3d 988, 1000 (11th Cir. 1995). Plaintiff has merely made the unsupported allegations that Rob Piccotti is a racist and that plaintiff's arrest was racially motivated. Plaintiff has not even alleged that other specific persons of another race violated the same law and that the law was not enforced against them. Therefore, this claim must be dismissed

### V.  CONCLUSION

For the reasons explained above, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 25th day of August, 2006.

s/   Hugh Lawson
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb